People v Stewart (2022 NY Slip Op 06386)

People v Stewart

2022 NY Slip Op 06386

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND WINSLOW, JJ.

818 KA 18-02220

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STANLEY STEWART, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Stephen T. Miller, A.J.), rendered August 2, 2018. The judgment convicted defendant upon a plea of guilty of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that his sentence is unduly harsh and severe and that the waiver of the right to appeal does not foreclose his challenge to the severity of his sentence. As the People correctly concede, defendant did not validly waive his right to appeal "because County Court's oral colloquy utterly mischaracterized the nature of the right to appeal . . . , inasmuch as the court's advisement as to the rights relinquished [and retained by defendant] was incorrect and irredeemable under the circumstances" (People v Carter, 200 AD3d 1719, 1719 [4th Dept 2021], lv denied 38 NY3d 949 [2022] [internal quotation marks omitted]; see People v Thomas, 34 NY3d 545, 562, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Crogan, 181 AD3d 1212, 1212 [4th Dept 2020], lv denied 35 NY3d 1026 [2020]). We nevertheless perceive no basis in the record for the exercise of our authority to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court