People v O'Brien (2023 NY Slip Op 04072)

People v O'Brien

2023 NY Slip Op 04072

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, MONTOUR, AND OGDEN, JJ.

571 KA 19-01422

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SEAN J. O'BRIEN, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Stephen T. Miller, A.J.), rendered May 16, 2019. The judgment convicted defendant, upon his plea of guilty, of attempted course of sexual conduct against a child in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted course of sexual conduct against a child in the first degree (Penal Law §§ 110.00, 130.75 [1] [b]). Preliminarily, as defendant contends and as the People correctly concede, the record does not establish that defendant validly waived his right to appeal. County Court's "oral waiver colloquy and the written waiver signed by defendant together 'mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal and the attendant rights to counsel and poor person relief, as well as a bar to all postconviction relief, and there is no clarifying language in either the oral or written waiver indicating that appellate review remained available for certain issues' " (People v Johnson, 192 AD3d 1494, 1495 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Stewart, 210 AD3d 1445, 1446 [4th Dept 2022]). Although we are thus not precluded from reviewing defendant's challenge to the severity of his sentence, we nonetheless perceive no basis in the record for the exercise of our authority to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court